BAUMANN v. SCHRUMPF et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MASTER AND SERVANT (§ 217*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant having been in defendant's service for 17 years, during the greater portion of which he had been foreman in charge, was killed, by slipping on a greasy floor, or because of losing his balance, and falling into an open pit in the floor, in which a wheel revolved, and which had been in the same condition for more than 12 years. *Held*, that he assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

Appeal from Trial Term, Westchester County.

Action by Ernestine Baumann, as administratrix of Herman Baumann, deceased, against Olga J. C. Schrumpf and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

E. Clyde Sherwood, for appellants.
Burton C. Meighan, for respondent.

RICH, J. This is an action to recover damages for the death of plaintiff's intestate, alleged to have been caused in consequence of

defendants' negligence in failing to properly guard a machine upon which the deceased was working at the time of his injury. Decedent was a foreman in defendants' employ, having charge and superintendence of the factory in which he was killed. He had been in defendants' service for 17 years, and during the greater portion of the time had been the foreman in charge. The accident occurred while he was engaged in adjusting a rope upon a moving wheel connected with a machine known as "calendar No. 3," by slipping upon a greasy floor, or because of losing his balance in handling the rope—one or both—and he fell into an opening or pit in the floor in which the wheel revolved, and which was in the same condition in which it had been used by himself or under his direction for more than 12 years. The finding of the jury that plaintiff's intestate did not assume the risk incident to his employment is so clearly against the weight of evidence as to require a reversal. Baker v. Empire Wire Co., 102 App. Div. 125, 129, 92 N. Y. Supp. 355; Vaughn v. Glens Falls Portland Cement Co., 105 App. Div. 136, 93 N. Y. Supp. 979.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.